## WESTON COOLEY & Wife *vs.* DAVID NORTON.

The declarations or admissions of an agent, accompanying acts done by him within the scope of his authority, and during the period of his agency, are admissible in evidence against his principal, as a part of such acts, but not otherwise.

A witness having been asked whether he was not biassed against the defendant, from the defendant's having testified against him in another suit to which the witness was a party, and whether he had not made use of threats of injury against him in that suit, and having denied any such bias or threats, it was held, that evidence that the witness had offered to bribe the defendant not to testify in that suit was irrelevant and inadmissible.

THIS was a writ of entry on a mortgage, and was tried before *Wells*, C. J., in the court of common pleas.

It appeared on the trial, that the mortgage declared on belonged to the wife before marriage, and evidence was offered by the defendant tending to show that it had since the marriage been paid to the wife. The defendant then offered to prove, that before the marriage a verbal agreement had been made between the plaintiffs, that the mortgage and the note secured thereby should continue to be the property of the wife and under her sole control afterwards; for the purpose of showing a right in the wife to control the mortgage and receive payment of the debt thereby secured, independently of her husband and without his consent. The court ruled that the evidence was incompetent for this purpose, but admitted it under and with reference to an offer, also made by the defendant, to prove that the wife acted as her husband's agent in receiving payment of the mortgage.

The defendant proved certain facts tending to show that the wife was the husband's agent in receiving payment of the mortgage. He also offered to prove declarations and admissions of the wife during the period of the alleged agency, relating to the subject matter of the agency, but not accompanied with acts; but the court rejected the evidence.

The defendant produced the note, and the mortgage declared upon, which were in his possession. Further to explain the possession he introduced a witness, whose evidence tended to prove, that on a certain occasion, he was

present with the wife and the defendant, when the wife produced the note and mortgage, and demanded payment of the defendant, and actually, in pursuance of said demand, received from the defendant a sum of money less than the amount of the note, which sum the witness had then and there paid over to the defendant to be thus applied. This evidence was admitted by the court as being to an act of agency. The defendant then offered to show by the same witness, that at the same time, and in the same conversation, it was stated by the wife and by the defendant, that the pay ment in full of the note was to be immediately completed, and that they (the wife and the defendant) were then going out together for that purpose. This evidence was objected to by the plaintiff, as not being part of the *res gestæ*, and was excluded by the court.

The defendant further offered to show, by the same witness, that in the same conversation, something was said of his (the witness's) having shortly before paid the defendant another sum of money to be applied on the note in the hands of the wife of the plaintiff. This evidence also, being objected to by the plaintiff, was rejected by the court.

The defendant, on cross examination, asked one Allen Wolcott, a witness for the plaintiff, whether he were not biassed against the defendant, from the defendant's having testified against him in another suit to which Wolcott was a party, and whether he had, or had not, made use of threats of injury against the defendant, if he should testify against him in said suit. The defendant then offered to show that in fact said Wolcott had offered to bribe the defendant not to testify in said suit; but the court rejected the evidence, on the ground that no inquiry had been made of the witness upon that point.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. T. Davis*, for the plaintiff, waived the first exception . as to the second and third exceptions, he referred to 1 Gr. Ev. § 113; Story, Ag. § 134; *Bank of Monroe* v. *Field*, 2 Hill, 445; *Baring* v. *Clark*, 19 Pick. 220; *Biggs* v. *Lawrence*, 3

T. R. 454; *Lobdell* v. *Baker*, 1 Met. 193, 202 : and as to the fifth exception, to 1 Gr. Ev. §§ 450, 462; *Attorney General* v. *Hitchcock*, 1 W. H. & G. 91, 103; *Yewin's Case*, 2 Camp. 638; *Thomas* v. *David*, 7 Car. & P. 350; *Strafford's Case*, 2 St. Tr. 616. [WILDE, J. The State Trials of that period are not very good authority on the law of evidence.] They may be good on points decided against the crown.

*R. A. Chapman* and *W. G. Bates*, for the defendant, cited *Stiles* v. *Western Railroad Corp.* 8 Met. 44, to the third point; and *Utley* v. *Merrick*, 11 Met. 302, to the fifth point.

FLETCHER, J. The first exception taken was waived by the counsel at the argument.

The rulings of the judge, to which the second, third, and fourth exceptions were taken, are manifestly correct, and in perfect accordance with a very plain, familiar, well-settled, and clearly-defined principle of law. The evidence excluded in each of the above instances was offered to prove the mere sayings of a person alleged to be the plaintiff's agent, wholly disconnected and distinct from any act of agency. It was mere hearsay evidence, and nothing more or better. The rule of law is, that when an agent is acting within the scope of his authority, his declarations accompanying his acts are admissible, as they are a part of the *res gestæ*, and may qualify the acts. The sayings and declarations, offered to be proved in the above instances, were not within this rule, and were clearly not admissible.

And it is impossible to see any ground upon which the evidence offered under the fifth point could have been properly admitted. The alleged attempt to bribe a witness had no reference to the cause then on trial, but to another distinct and different cause of action tried at some former period. The attempt was to show, that at some other time, and in reference to some other cause, the witness had done a criminal thing; no inquiry having been made of him in relation to the matter. Such act, if proved, would not be regarded as contradicting the positive testimony of the witness denying any bias or threats against the defendant.

*Exceptions overruled.*